COURT OF APPEALS
DECISION
DATED AND FILED

September 6, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP2077**

Cir. Ct. No. **2021SC561**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

ROBERT ERIK SODERLUND,

    PLAINTIFF-RESPONDENT,

V.

MIKE MICHAUD,

    DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for St. Croix County: SCOTT J. NORDSTRAND, Judge. *Affirmed*.

¶1      HRUZ, J.[1]   Mike Michaud[2] appeals the circuit court's order denying his demand for a de novo trial after a court commissioner entered judgment in

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

favor of Robert Erik Soderlund in this small claims action. Michaud argues that: (1) the court erred when it concluded that he could not seek de novo review in the circuit court under WIS. STAT. § 799.207(2); (2) this action should have been dismissed under 50 U.S.C. § 3931; and (3) he is entitled to relief because the Honorable Scott J. Nordstrand has presided over a disproportionate number of his cases over the years. We resolve these issues against Michaud and, therefore, affirm the court's order.

¶2 Soderlund commenced this small claims action to recover an unpaid debt of $4,420 from Michaud. Both parties were and are self-represented. There was a trial before the court commissioner. During his sworn testimony, Michaud said that he did not contest Soderlund's claim and asked the court commissioner to grant judgment in favor of Soderlund. The court commissioner awarded Soderlund $4,420 for the unpaid debt and $96.50 in filing fees, for a total judgment of $4,516.50. Several days later, Michaud filed a demand for a de novo trial before the circuit court. The court ruled that Soderlund had no right to de novo review under WIS. STAT. § 799.207(2) because he requested that the judgment be entered against him. This appeal follows.

¶3 Michaud first argues that the circuit court erred when it ruled that he could not seek de novo review in the circuit court under WIS. STAT. § 799.207(2). We reject this argument. The statutes provide that small claims matters are to be decided initially by court commissioners. Sec. 799.207(1). If either party then disagrees with the commissioner's ruling on the merits, that party can seek

---

[2] The caption refers to the appellant as Mike Michaud. Other documents in the record refer to him as Michael Michaud. We use Mike Michaud in this opinion to be consistent with our caption.

de novo review of the commissioner's decision. Sec. 799.207(2). However, during the trial before the court commissioner, Michaud stated under oath: "I would ask the Court to grant Mr. Soderlund the $4,420 today." Michaud therefore stipulated to Soderlund's claim and waived any challenge to it. *See* WIS. STAT. § 807.05; *see also* WIS. STAT. § 799.04(1). He did nothing to affirmatively advance his case, failed to contest the claim in any manner and, indeed, expressly requested the entry of judgment in the specified sum. Under these circumstances, the court correctly concluded that there was no contested matter for it to review de novo. Michaud waived his right to challenge the court commissioner's decision because he affirmatively asked the court commissioner to rule in Soderlund's favor.[3]

¶4 Further, it is of no help to Michaud that he now advances the notion that he only "opted to end the Commissioner's trial and bring the matter to a full trial before the Circuit Court" because two county attorneys were in attendance at the hearing and apparently had some negative history with Michaud. It was incumbent upon Michaud to make a record to that effect if those circumstances were the reason he summarily conceded liability. He did nothing before the court commissioner to suggest as such, or to otherwise reserve any rights.

¶5 Michaud next argues that this case should have been dismissed under 50 U.S.C. § 3931, a federal statute that provides protection to military service members against default judgment. We reject this argument for two reasons. First, Michaud failed to raise this issue in the circuit court, so we will not

---

[3] The circuit court stated that Michaud voluntarily defaulted by requesting that judgment be entered against him. Michaud's actions were not a default but, rather, an affirmative waiver of his right to contest the court commissioner's ruling.

consider it. *See **Tatera v. FMC Corp.***, 2010 WI 90, ¶19 n.16, 328 Wis. 2d 320, 786 N.W.2d 810 ("Arguments raised for the first time on appeal are generally deemed forfeited."). Second, this statute applies only to actions in which the defendant does not make an appearance. *See* 50 U.S.C. § 3931(a) ("This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance."). Michaud appeared in this matter. Therefore, this statute is not applicable.

¶6 Finally, Michaud argues that he is entitled to relief because the Honorable Scott J. Nordstrand has presided over a disproportionate number of his cases over the years.[4] Michaud advances no legal theory to support this argument. Nor does he advance any fact-based allegations of bias or impropriety. We will not review issues that are not developed or are inadequately briefed. ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992). Moreover, as Michaud acknowledges, cases in St. Croix County are assigned to circuit court judges randomly by local rule. Because Michaud has presented no cognizable claim for relief, we reject this argument.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] We note that Michaud mistakenly refers to Judge Needham in the argument section of his appellate brief. Judge Nordstrand presided over the circuit court proceedings here. Michaud properly refers Judge Nordstrand in other sections of his brief.